CLYDE D. HOPKINS v. SOUTHERN RAILWAY COMPANY.

(Filed 30 October, 1946.)

**Railroads § 4—**

Where plaintiff alleges negligence on the part of defendant railroad company in failing under the circumstances to maintain lights, watchman or guards at a public crossing, but plaintiff's evidence discloses that the lights on his car were burning and that he ran into the train, nonsuit is proper for failure of evidence tending to show any causal relation between the negligence complained of and the injury.

APPEAL by plaintiff from *Sink, J.,* at February Term, 1946, of CABARRUS.

Civil action to recover for personal injuries allegedly resulting from actionable negligence of defendant in failing under the circumstances to maintain "lights, watchman or guards or facilities to protect the public at the point where the said railroad makes a crossing of West Corbin Street," in the city of Concord, North Carolina.

The evidence for plaintiff tends to show, succinctly stated, that between 11 and 12 o'clock on the night of 6 September, 1945, as he, riding in his

automobile, with lights in good condition, approached the railroad cross-
ing on West Corbin Street, upgrade to the east, he came to a complete
stop, about 30 or 35 feet from the main southbound track, and looked
and listened and, failing to see or to hear anything, started on across,
and when he "got up on the track" he saw the passing train when he
"was within four feet of it,—too late to stop"; that "the weather was
rainy, foggy . . . a pretty heavy mist and fog"; that "when . . . within
four feet of the train" he "discovered at that time there was smoke mixed
in with the fog and mist and rain"; that "there were not any signal
devices there, no watchman, no lights, no bells, no gates," and that he
collided with the train—the train "snatched the car," and he sustained
injuries.

From judgment as of nonsuit at close of plaintiff's evidence, he
appeals to Supreme Court and assigns error.

*B. W. Blackwelder for plaintiff, appellant.*
*Hartsell & Hartsell for defendant, appellee.*

PER CURIAM. A careful consideration of the evidence offered by plain-
tiff fails to show any causal relation between the acts of negligence
alleged and the injury sustained. No new principle of law is involved.
Old and well established principles of law support the action of the court
in sustaining demurrer to the evidence.

Affirmed.